UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| GNO REAL ESTATE HOLDINGS, LLC d/b/a NOLA LIVING REALTY | CIVIL ACTION NO. |
| Plaintiff | JUDGE |
| v. | MAGISTRATE JUDGE |
| GALIANO REALTY, LLC D/B/A NICK GALIANO REALTY AND NICK GALIANO, individually | SECTION "__" (__) |
| Defendants | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND CYBERSQUATTING**

Plaintiff, GNO Real Estate Holdings, LLC d/b/a NOLA Living Realty, submits this Complaint for Trademark Infringement and Cybersquatting against Defendants, Galiano Realty, LLC d/b/a Nick Galiano Realty and Nick Galiano.

**NATURE OF ACTION**

1. This is an action for federal trademark infringement, dilution, unfair competition, false designation of origin, and cybersquatting under the Trademark Act of 1946, as amended [*The Lanham Act,* 15 U.S.C. § 1051 *et seq.*], as well as state trademark infringement in violation of LA. REV. STAT. § 51:222, trademark dilution under LA. REV. STAT. § 521:223.1, and unfair trade practices in violation of LA. REV. STAT. § 51:1401 *et seq.* arising from the use, by Defendants, of the name and mark, "NOLA Living Realty" for real estate services, in violation of Plaintiff's trademark rights.

2. This action results from the Defendants' willful use of the "NOLA Living Realty" designation to sell real estate services. Such actions infringe Plaintiff's trademark causing harm to Plaintiff.

## THE PARTIES

3. GNO Real Estate Holdings, LLC d/b/a NOLA Living Realty ("Plaintiff") is a Louisiana limited liability company.

4. Plaintiff owns all right, title, and interest in and to the trademark "NOLA Living Realty" ("NOLA LIVING REALTY Mark"), as used in connection with real estate services. In addition, Plaintiff owns a state trade name registration for the NOLA LIVING REALTY Mark in connection with real estate services.

6. Defendant, Galiano Realty, LLC d/b/a Nick Galiano Realty ("NGR"), is a Louisiana limited liability company having a domiciliary address at 3414B Canal Street, New Orleans, Louisiana.

7. Defendant, Nick Galiano ("Mr. Galiano"), upon information and belief, resides in the New Orleans, Louisiana metropolitan area and is a founder and principal of NGR. Upon information and belief, Mr. Galiano owns, operates, directs, and has control over NGR and the activities complained of herein.

8. NGR and Mr. Galiano will be referred to collectively in this Complaint as "Defendants."

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks]; and, 28 U.S.C. §1367(a) [supplemental jurisdiction over related actions arising under state law].

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) (1), (b) (2) and (c) (2) because Defendants are subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendants reside in this District and/or their principal places of business are located in this District and a substantial part of the events giving rise to Plaintiff's claims took place in this District.  Furthermore, Defendants transact business in this District, have committed tortious acts in this District, and have engaged in activities in this District that subject them to the jurisdiction of this Court.

### GNO REAL ESTATE HOLDINGS, LLC D/B/A NOLA LIVING REALTY AND THE NOLA LIVING REALTY MARK

11. Plaintiff markets, promotes and provides real estate services under the NOLA LIVING REALTY Mark. Plaintiff has marketed and sold real estate services under the NOLA LIVING REALTY Mark since at least as early as December, 2014 and has continuously used the NOLA LIVING REALTY Mark in interstate commerce since that time.

12. Plaintiff's promotes and markets its real estate services under the NOLA LIVING REALTY mark through yard signs, television, radio, newspapers, magazines, the internet, and through social media sites.

13. Plaintiff promotes and markets its services on the internet and on its webpage at <www.nolaliving.com> using the NOLA LIVING REALTY Mark.



*See* Plaintiff's website's homepage retrieved from url: http://www.nolaliving.com/

14. Plaintiff uses the NOLA LIVING REALTY Mark in interstate commerce.

15. Plaintiff owns all right, title, and interest in and to the NOLA LIVING REALTY Mark in connection with real estate services. Plaintiff owns a state tradename registration for the NOLA LIVING REALTY Mark in connection with real estate services.

16. Plaintiff's income is largely derived from real estate services in interstate commerce.

17. Plaintiff's NOLA LIVING REALTY Mark has become distinctive, and widely recognized as the place to go for real estate services in the Gulfcoast.

18. Plaintiff has used the NOLA LIVING REALTY Mark since at least December 1, 2014. Plaintiff was the first user of the phrase NOLA LIVING REALTY in connection with the promotion, marketing, and sale of real estate services. In December of 2014, Plaintiff obtained a Louisiana state tradename registration for the NOLA LIVING REALTY Mark.

19. Plaintiff has extensively advertised its real estate services using the NOLA LIVING REALTY Mark since, at least as early as December 1, 2014.

**DEFENDANTS' INFRINGING CONDUCT**

20. Plaintiff recently learned that Defendants are promoting and marketing their real estate services using the designation NOLA Living Realty.

21. Specifically, Plaintiff learned that Defendants are promoting and marketing their real estate services online using the domain name <nolalivingrealty.com> (the "Infringing Domain"). This webpage redirects the internet visitor to <neworleansareaproperties.com>, a website operated by Defendants and used to promote and market Defendants' real estate services.

22. The Infringing Domain was registered on April 22, 2015, more than a year and four months after Plaintiff's first use of NOLA LIVING REALTY Mark.

23. On information and belief, Defendants knew of Plaintiff's use the NOLA LIVING REALTY Mark and of Plaintiff's website at http://www.nolaliving.com.

24. On information and belief, Defendants registered and are using the Infringing Domain to intentionally direct Plaintiff's customers and potential customers to their website(s).

25. On May 10, 2017, Plaintiff mailed a cease and desist letter to Defendants requesting Defendants to cease and desist using the "NOLA Living Realty" designation and to transfer the Infringing Domain to Plaintiff. Defendant has failed to respond.

26. Upon information and belief, Mr. Galiano is responsible for overseeing the daily business operations, advertising, and marketing of NGR. Also, upon information and belief, Mr. Galiano is responsible for all trademark related decisions for NGR. In addition, upon and information and belief, Mr. Galiano was personally involved in the decision to use NOLA Living Realty in the Infringing Domain. In addition, on information and belief, Mr. Galiano directed, approved, or authorized NGR's infringing actions and is the principal driving force behind the infringement alleged herein.

27. As a result of Defendants' continued use of the NOLA Living Realty designation and failure to respond to Plaintiff's cease and desist letter, Plaintiff is filing this lawsuit.

## COUNT I
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125 (A)

28. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26, as though fully set forth herein.

29. The NOLA LIVING REALTY Mark is a valid trademark, identifying the source of Plaintiff's real estate services. Plaintiff is the senior user of the NOLA LIVING REALTY Mark in connection with real estate services.

30. Defendants have actual notice of the NOLA LIVING REALTY Mark.

31. Defendants' unauthorized use of the NOLA LIVING REALTY Mark, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendants' services as originating from or being connected with Plaintiff, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. These acts have occurred in interstate commerce and have caused, and unless restricted by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy of law.

33. As a direct and proximate result of Defendants' unauthorized use of the NOLA LIVING REALTY Mark, Plaintiff has been damaged, and unless Defendants are restrained by the Court, Plaintiff will continue to suffer serious irreparable injury.

## COUNT II
### CYBERSQUATTING
### 15 U.S.C. § 1125(d)

34. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33, as though fully set forth herein.

35. Upon information and belief, Defendants under the supervision and control of Galiano, registered and continue to use the Infringing Domain.

36. The NOLA LIVING REALTY Mark is distinctive and has been actively used to advertise, promote, and market Plaintiff's real estate services since December 1, 2014, a year and four months before Defendants registered and used the Infringing Domain.

37. The Infringing Domain is substantially similar to the NOLA LIVING REALTY Mark.

38. Defendants do not have any intellectual property rights or any other rights in the NOLA LIVING REALTY Mark.

39. Defendants have registered and/or used the Infringing Domain in bad faith and with a bad faith intent to profit from the goodwill established by Plaintiff in the NOLA LIVING REALTY Mark, as evidenced by Defendants' use of the Infringing Domain to advertise and promote competing services.

40. Further, by incorporating the NOLA LIVING REALTY Mark into the Infringing Domain, Defendants are diverting internet traffic destined for Plaintiff's website to Defendants' Infringing Domain instead.

41. Defendants' registration, use, or trafficking in the Infringing Domain constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief, including but not limited to, attorney's fees under 15 U.S.C. § 1117(a), defendants' profits, actual damages and costs of the action, or statutory damages under 15 U.S.C. § 1117(d) in an amount of ($100,000), as well as injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## STATE TRADEMARK INFRINGEMENT
## LA. REV. STAT. § 51:222

42. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41, as though fully set forth herein.

43. Defendants' use, without the consent of Plaintiff, of designations identical or substantially indistinguishable from Plaintiff's registered Louisiana tradename NOLA LIVING REALTY Mark to offer and advertise services identical to those offered by Plaintiff are likely to cause confusion, mistake, or deception as to the source or origin of such goods and services, and comprise trademark infringement under LA. REV. STAT. § 51:222.

44. As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged, and unless Defendants are restrained by the Court, Plaintiff will continue to suffer serious irreparable injury.

45. Pursuant to LA. REV. STAT. § 51:223, Plaintiff is entitled to recover from Defendants, all profits derived from, and all damages sustained by Plaintiff as a result of Defendants' aforesaid acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

46. Pursuant to LA. REV. STAT. § 51:223, Plaintiff is entitled to an order, temporarily restraining, and preliminarily and permanently enjoining Defendants from further use, display or sale of services bearing or associated with Plaintiff's registered mark.

## COUNT IV
## TRADEMARK DILUTION UNDER THE LOUISIANA ANTIDILUTION STATUTE
## LA. REV. STAT. § 51:223.1

47. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46, as fully set forth herein.

48. Defendants' use of the designations identical or substantially indistinguishable from Plaintiff's NOLA LIVING REALTY Mark in the sale real estate services, as described more fully above, has injured, or is likely to injure, Plaintiff's business reputation, and has diluted, or will dilute, the distinctive character of Plaintiff's NOLA LIVING REALTY Mark, through blurring and/or tarnishment, in violation of LA. REV. STAT. § 51:223.1, and to Plaintiff's irreparable harm, notwithstanding the presence or absence of confusion as to the source of Defendants' services. Unless enjoined, Defendants conduct will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief pursuant to LA. REV. STAT. § 51:223.1.

## COUNT V
## UNFAIR TRADE PRACTICES
## LA. REV. STAT. § 51:1401 ET SEQ.

49. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 48, as fully set forth herein.

50. Defendants' aforesaid activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405, and to Plaintiff's irreparable harm.

51. Pursuant to LA. REV. STAT. § 51:1409, Plaintiff is entitled to recover from Defendants all actual damages sustained by Plaintiff as a result of Defendants' prior acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

52. Unless enjoined, Defendants' unfair methods of competition, and unfair and deceptive acts and practices will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief, pursuant to, inter alia, LA. REV. STAT. §§ 51:1407 and 51:1408.

## PRAYER FOR RELIEF

53. A preliminary and permanent injunction against continued infringement of the NOLA LIVING REALTY Mark by Defendants and all persons operating in concert with Defendants;

54. An accounting for and award of damages resulting from Defendants' sale, offer for sale and marketing of its infringing services;

55. An award of treble damages against Defendants;

56. An assessment of interest on the damages;

57. An award of plaintiff's costs, expenses and attorney fees in this action;

58. Transfer the Infringing Domain to Plaintiff, and,

59. Such other and further relief as the Court deems appropriate.

DATED this 26th day of May, 2017.

Respectfully submitted,

/s/ Gregory D. Latham
Gregory D. Latham, LA Bar No. 25955, T.A.
Kent Barnett, LA Bar No. 33002
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184

kbarnett@iplawconsulting.com
glatham@iplawconsulting.com


*Attorneys for GNO Real Estate Holdings, LLC d/b/a NOLA Living Realty.*